[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
In a three count amended complaint plaintiff Sandra Ross seeks to recover damages arising out of an incident which allegedly occurred on March 24, 1990. The first count alleges that on that day the plaintiff, who is African American, was a patron in defendant's place of business and was accompanied by two caucasian friends. After exiting these premises, plaintiff allegedly was illegally approached and detained by agents and/or employees of the defendant, who informed her that she must consent to a search of her belongings, in a public area, or be subject to arrest. Plaintiff further alleges that she was illegally searched and detained, and as a result of the search, no unpaid items from defendant's establishment were found on the plaintiff's person. She claims to have suffered greet mental anguish and severe stress and shock because of defendant's actions.
The third count incorporates these allegations and further alleges that "[d]efendant's conduct and practice in singling out and detaining African-Americans as potential shoplifters constitutes an unfair business practice." Amended Complaint, CT Page 9071 Count Three, paragraph 8. Plaintiff further alleges that defendant's conduct in illegally detaining and searching her constitutes a practice which offends public policy, and violates the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes42-110a et seq.
The defendant is moving to strike the third count on the ground that CUTPA does not extend to a claim for false arrest, and the count, therefore, fails to state a claim upon which relief can be granted. The plaintiff opposes the motion; both parties have filed memoranda of law in support of their respective position's.
General Statutes 42-110g states that "[a]ny person who suffers any ascertainable loss of money or property, real or personal" as the result of a prohibited act or practice may bring an action under CUTPA.
It is the opinion of the court that plaintiff in the present case has not alleged any facts which support the "ascertainable loss" requirement of CUTPA. Therefore, the motion is granted.
JOHN J.P. RYAN, JUDGE.